IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01080-RM-MEH

POPSOCKETS, LLC,

    Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX, and
JOHN DOES 1-10, individually and as corporate entities,

    Defendants.

---

**ORDER ON DEFENDANT'S MOTION TO STAY**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendants' Motion to Stay Discovery and Stay Further Proceedings Pending Resolution and Ruling on Defendants' Motion to Dismiss [filed June 20, 2019; ECF 31]. The matter has been referred to this Court for disposition. For the reasons that follow, Defendants' motion is denied.

**I.    Background**

    Plaintiff initiated this action on April 12, 2019, then filed the operative Amended Complaint as a matter of course on May 4, 2019 alleging generally that Defendants infringed Plaintiff's trademarks in connection with Defendants' unlawful and unauthorized advertisement and sale of POPSOCKETS-brand products on the Internet, including defective, damaged, and poor-quality products bearing the POPSOCKETS® trademark." *See* Am. Compl. 1-2, ECF 8. On May 17, 2019, Defendants, proceeding pro se, responded to the Complaint by filing a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" arguing actually that Plaintiff fails to allege the Court's personal

jurisdiction over them. Mot. 1-2, ECF 15.

On June 13, 2019, this Court held a Scheduling Conference at which the Court set a schedule for discovery in this case. Scheduling Order, ECF 31. A week later, Defendants filed the present motion seeking an order to stay Discovery, alleging that "a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Mot. at 3-4 (citation omitted). Plaintiff opposes Defendants' request.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, on a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In determining whether to grant a stay, courts typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Here, Defendants seek protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). The Court is not convinced

that Plaintiff would suffer no prejudice here, particularly where discovery could assist the parties in arguing the merits of the pending motion to dismiss. Moreover, staying the entire case while Defendants' motion to dismiss is pending—particularly where the Plaintiff has filed an opposed motion for leave to file surreply— ould substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

Accordingly, the party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert–Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.; see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Defendants assert that "[d]iscovery and any further proceedings will be wasteful if the motion to dismiss is granted." Mot. 5. While Defendants' motion, if granted, could dispose of the entire case, it remains only speculative at this point whether such outcome is possible, particularly given the pending motion for leave to file surreply.

Moreover, Defendants characterize any stay in this case as "temporary." However, such characterization is, again, merely speculative. The motion to dismiss has been referred to this Court for a report and recommendation; once issued, the parties have the opportunity to object, and the District Court's order could take another several months before issuance. In this District, due to the requirements and demands of an increasing number of criminal matters, the average time period for civil litigation is approximately thirty months from inception to resolution. Accordingly, a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more.

Defendants argue "the discovery process presents an undue and unfair burden" on them, but they fail to explain how they are, or will be, burdened; rather, they simply argue the merits of their motion to dismiss. Mot. 5. Notably, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, the Defendants provide no evidence of a special burden; while the Court recognizes that discovery can be expensive, the Defendants here fail to "show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury" to them. *See Exum*, 209 F.R.D. at 206.

Generally, it is the policy in this District not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304, at *4–*5 (D. Colo. Aug. 14, 2006). This is particularly true where, as in this case, the motion to dismiss is not altogether ripe and, based on the significant workload of the Article III judges in this District, it may be many months or more before the pending motion to dismiss is resolved. Consequently, a consideration of the *String Cheese* factors, as well as the general interests of controlling the court's docket and the fair and speedy administration of justice, require that the present motion to stay discovery be denied.

## III. Conclusion

Accordingly, for the reasons stated above, the Court ORDERS that Defendants' Motion to Stay Discovery and Stay Further Proceedings Pending Resolution and Ruling on Defendants' Motion to Dismiss [filed June 20, 2019; ECF 31] is **denied**.

Dated at Denver, Colorado, this 16th day of September, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge