IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01080-RM-MEH

POPSOCKETS LLC,

    Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX, and
JOHN DOES 1-10,

    Defendants.

---

## ORDER
---

This matter is before the Court on the November 4, 2019, Recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 47) to deny Defendants' motion to dismiss (ECF No. 15) and to deny as moot Plaintiff's motion for leave to file sur-reply (ECF No. 42). The Court accepts and adopts the recommendation, and it is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation. (ECF No. 47 at 20 n.2.) No party objected to the recommendation, and the time to do so has expired. "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

## I. LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. To defeat such a motion by establishing specific personal jurisdiction, a plaintiff must first show that the defendant has "minimum contacts" with the forum state. *Intercont'l Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). The "minimum contacts" standard is met if the defendant has purposefully directed its activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Id.* If the defendant has sufficient "minimum contacts" with the forum, the Court then considers whether exercising jurisdiction is consistent with traditional notions of fair play and substantial justice. *Id.* A five-factor test is used to determine whether the exercise of jurisdiction is reasonable. *Id.* at 1249.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (quotation omitted).

Defendants proceed pro se; thus, the Court liberally construes their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, does not act as Defendants' advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff develops, manufactures, markets, and sells grips/stands, mounts and other mobile device accessories under the PopSockets brand. (ECF No. 8, Am. Compl. at ¶ 7.) Plaintiff distributes its products through its website and through a network of authorized sellers. (*Id.* at ¶ 8.) Defendants, who are not authorized sellers, operated a storefront on the Amazon website known as "Planoseller2" that was subsequently changed to "TexasDeals2." (*Id.* at ¶ 106.) Defendants purchased Plaintiff's products from national retailers and resold them online. (ECF No. 15 at 8.) Plaintiff sent Defendants cease-and-desist letters demanding that they stop selling products bearing its trademarks but did not receive any response. (ECF No. 8 at ¶¶ 143-145.)

In its complaint, Plaintiff asserts seven claims for relief based on trademark law and other causes of action. Plaintiff alleges, generally, that Defendants' unauthorized sales of its products harmed its brand because the products Defendants sold were not subject to Plaintiff's quality control requirements, were not covered by Plaintiff's warranty, and prompted negative online reviews by customers.

Defendants, proceeding pro se, moved to dismiss the complaint, and the motion was referred to the magistrate judge. The magistrate judge construed the complaint as a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The magistrate judge then issued a report and recommendation to deny Defendants' motion.

Plaintiff's filed a motion for leave to file a sur-reply, which was also referred to the magistrate judge. Because the magistrate judge's recommendation on the motion to dismiss did

not rely on the briefing related to Plaintiff's motion, he recommended that the Court deny it as moot.

## III. ANALYSIS

With respect to the motion to dismiss, the magistrate judge first concluded that the Court has specific personal jurisdiction over Defendants. The magistrate judge noted that district courts have routinely found that a defendant's sales over the internet to customers in the forum state provide a basis for the court's exercise of personal jurisdiction. (ECF No. 47 at 9 (citing cases)).) This district has followed that trend, *see, e.g.*, *Otter Prods., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM (D. Colo. Aug. 9, 2019), and so has this Court, *see, e.g.*, *Otter Prods., LLC v. Phone Rehab, LLC*, No. 19-cv-00206-RM-MEH (D. Colo. Dec. 18, 2019). Thus, the magistrate judge found that Defendants purposely directed their activities at Colorado residents through their online sales of Plaintiff's products. The magistrate judge further found that Plaintiff's alleged injuries arose out of those activities and that because Defendants received cease-and-desist letters from Plaintiff, Defendants were aware their conduct was harming Plaintiff in Colorado. And, after balancing the relevant factors to determine whether exercising jurisdiction offend traditional notions of fair play and substantial justice, the magistrate judge found that there was no basis for finding that requiring Defendants to defend the case in Colorado would be unfair or unjust. Accordingly, the magistrate judge determined that Plaintiff has made a prima facie case that the Court should exercise specific personal jurisdiction over Defendants.

The magistrate judge also rejected Defendants' arguments that Plaintiffs failed to state a claim with respect to each of the seven causes of action asserted.

Defendants did not object to the magistrate judge's recommendation. The Court discerns no clear error on the face of the record with respect to the recommendation, and the Court agrees with the magistrate judge's determinations that Defendants are subject to specific personal jurisdiction and that Plaintiff has not failed to state a claim on any cause of action in the complaint. Therefore, for the reasons set forth in the recommendation, the Court agrees that the motion to dismiss should be denied.

## IV.  CONCLUSION

Accordingly, the Court ACCEPTS and ADOPTS the recommendation (ECF No. 47), DENIES the motion to dismiss (ECF No. 15), and DENIES AS MOOT the motion for leave to file a sur-reply (ECF No. 42).

DATED this 23rd day of December, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge