IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01080-RM-MEH

POPSOCKETS, LLC

　　　　Plaintiff

vs.

LORA SUZANNE WILCOX,

BRADLEY JAMES WILCOX,

　　　and

JOHN DOES 1-10, individually or as
corporate/business entities

　　　　Defendants

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC 31 2019
JEFFREY P. COLWELL
CLERK

---

DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

---

Defendants ask the court to approve and grant a Temporary Restraining Order for the above captioned case. Defendants request the court order the restraining order to be for a period of 6 months starting immediately from the date the order is signed. After 6 months, the parties and the court can review the order to determine if it needs to be continued and extended and for how long. Defendants "Motion to Dismiss.. Lack of Jurisdiction" was denied because defendants did not allegedly make any objections to the proposed opinion within 14 days. Defendants do not remember seeing this requirement and instead, relied upon Judge Hegarty's

Page 1
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

12-06-19 brief where defendants were informed of the hearing on 01-06-2020 and the parties were informed to get their papers filed with court prior to the hearing date. December is the busiest month of the year for Defendant, Brad, and he had to run and manage the Amazon store single handedly during the month of December. Christmas is over and things ate slowing down and Brad is preparing the court filings. Defendants were under presumption they had until 01-05-2020 to get arguments and papers filed with the court and that the court would make no rulings until 01-06-2020 or later. Brad had also sent arguments and case details to Chambers but Christina informed Brad arguments could not be accepted in Chambers and that Brad needs to file them with the court. Based on the email response and Judge Hagerty's 12-06-2019 brief, Defendants really thought they had until 01-05-2020 to file documents with the court. The court has clearly erred in denying defendants "Motion to Stay Discovery" and "Motion to Dismiss for Lack of Jurisdiction" as explained below.

The purpose of the restraining order is to maintain the status quo, prevent plaintiff from pursuing baseless and harassing discovery against defendants, prevent the court from ruling on any motions, granting any orders and/or holding any hearings. Defendants need time to do the following items listed below and the US Governmental agencies need time to investigate the complaints and take necessary actions.

1. Defendant needs to file a RICO complaint with the US Attorney General and US Dept. of Justice for mail fraud. Many other 3rd party sellers are joining

Page 2
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

defendants in the RICO complaint. The defendants will be: Vorys Lawfirm, Vorys Attorney-Colleen Devanney, Attorney Matthew Groves, PopSockets, LLC, PopSockets CEO-David Barnett and Vorys Attorney Rajeev Adlakha.

2. Defendant needs to file a RICO complaint with the US Attorney General and US Dept. of Justice for racketeering. Many other 3rd party sellers are joining defendants in the RICO complaint. The defendants will be: Vorys Lawfirm, Vorys Attorney-Colleen Devanney, Attorney Matthew Groves, PopSockets, LLC, Bree Rosenow-PopSockets employee, Alexandra-Popsockets employee, PopSockets CEO-David Barnett, Vorys Attorney- Darrin Garcia, Vorys Attorney- William Klose, Jr., Vorys Attorney-Rajeev Adlakha, iServe, Pattern and TriGuardian.

3. Defendant needs to file an ethics complaint with the Colorado Supreme Court against Attorney Matthew Groves for unethical practices, continuing violation of Rule 11(b) 2, meritless motion practice, intentional misrepresentation of the law, racketeering, anticompetitive behavior, violation of the FTC Act, producing an altered transcript to defendant and violation of the Magnason Moss Warranty Act.

4. Defendant needs to file ethics complaints with the Ohio Supreme Court against Vorys Attorneys: Darrin Garcia, William Kloss, Jr., Colleen Devanney and Rajeev Adlakha for unethical practices, continuing violation of Rule 11(b) 2, meritless motion practice, engaging in baseless and time consuming

discovery, intentional misrepresentation of the law, anticompetitive behavior, violation of the FTC Act and violation of the Magnason Moss Warranty Act.

5. Defendant needs to file a complaint with the US Federal Trade Commission against PopSockets, Matthew Groves, Vorys Lawfirm, David Barnett and Vorys Attorneys: Darrin Garcia, William Kloss, Jr., Colleen Devanney and Rajeev Adlakha. The chief complaints are: anticompetitive behavior, interference with interstate commerce, fraud, violations of the FTC Act, Violations of the Magnason Moss Warranty Act, monopolistic practices and Sherman Act violations.

6. Defendant needs to send a letter to the US House of Representatives on the federal level for his district.

7. Defendant needs to send a letter to the US Senator on the federal level for his district.

8. Defendants need to enjoin Amazon in this lawsuit, per indemnification language under Section 6.2 of the Amazon Business Solutions Agreement.

Defendants should not have to be burdened and harassed with plaintiffs baseless and meritless motion practice and discovery requests. The whole purpose of plaintiff's lawsuit is to harass defendants and create burdens for defendants since they won't just give into PopSockets and roll over like a dog to them. Defendants

Page 4
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

have done absolutely nothing wrong and are 100% protected by the Right of First Sale Doctrine. Plaintiff has produced no evidence nor proven any of their claims. All plaintiff's claims are pure speculation and conclusory allegations. The court has clearly erred in denying defendants "Motion to Stay Discovery" and "Motion to Dismiss for Lack of Jurisdiction" for the following reasons:

1. To support a trademark infringement claim, a company must not only identify a quality control that adds value to its product, but it also must be prepared to provide evidence that the control is legit and enforced. PopSockets has clearly failed this test and provided no proof or evidence of this and cannot support their so called "quality control" allegations. The reviews on the web and Facebook clearly show PopSockets lacks quality controls and clearly does not utilize them when buyers buy directly from them. <u>Belltronics USA v Midwest Inventory</u>, 562 F. 3d 1067 (10th Cir 2009), **(Abv Only)**, Those who resell genuine trademarked products are generally not liable for trademark infringement. <u>Iberia Foods v Rolando Romeo.</u>, 150 F.3d 298 (3rd Cir **1998**). Rol-Rom Foods purchases Mistolin products on the open market in Puerto Rico and sells them in New York and New Jersey at a substantial discount from Iberia's price. Iberia contended that by buying Mistolin in Puerto Rico and selling it in the continental United States, Rol-Rom had circumvented the quality control measures enforced by Iberia on all the Mistolin products it sold and sued for trademark infringement. The court of appeals rejected the argument because the quality controls measures appeared to be minimal and ruled for the defendant.

Page 5
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

2. Conditioning warranties on favored merchants is anticompetitive conduct in violation of the FTC Act and the Magnuson–Moss Warranty Act. Apple and Microsoft were just warned about it. When brands want to restrict distribution they do it through contracts, not through trademark trolling small businesses that can't afford litigation. Why aren't the real top law firms doing this? Because it's intentionally misrepresenting the law to restrain trade and raise prices. When you only see bottom feeding lawyers convincing mid-range brands of this "brilliant" idea you can make some reasonable assumptions about how valid the arguments are.

3. The alleged customer reviews plaintiff references in the original filing for the suit are inauthentic. The reviews cannot be corroborated and no witness details have been provided as to the reviews. The reviews are not admissible under the rules of evidence since they fail the authentication test. For all we know, PopSockets could have manufactured these reviews to use as "evidence" or someone affiliated with PopSockets could have manufactured them.

4. Defendants have clearly produced evidence to the court to prove the PopSockets items are authentic and legit. Plaintiff, nor plaintiff's counsel have raised any objections to the evidence. <u>John Paul Mitchell v Randalls Food Markets</u>, 17 S.W.3d 721 (TX 2000), Furthermore, the "first sale" doctrine precludes appellant from recovery under trademark infringement or unfair competition. Once Paul Mitchell sold its product to an authorized

Page 6
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

distributor, placing it into the stream of commerce, it had no right thereafter to control the distribution of its trademarked products.

5. Plaintiffs legal counsel produced an altered transcript copy to defendants for the Rule 26 conference.

6. "The whole point of the first sale doctrine is that once the copyright owner places a copyrighted item in the stream of commerce by selling it, he has exhausted his exclusive statutory right to control its distribution." Justice Stevens, delivering an opinion for a unanimous Supreme Court in the case QUALITY KING DISTRIBUTORS, INC. v. L'ANZA RESEARCH INT'L, INC. (96-1470), 98 F.3d 1109, reversed. **Matrix Essentials v. Cosmetic Gallery,**, 870 F. Supp. 1237 (D.N.J. **1994**). Matrix sued Cosmetic Gallery to stop them from reselling their products. Matrix claimed only salons were allowed to sell their products. The court disagreed.

7. Defendants have clearly proven to the court they have zero business contacts in Colorado (ECF 35) and (ECF 36). Selling on Amazon does not subject a party to jurisdiction in all 50 states. Defendants have no business contacts, no vendors, no customers, no suppliers, no mailing address, no real or personal property in Colorado, defendants have not stepped foot in Colorado to sell a single PopSockets product, defendants do not own a website or have a domain that targets, directs and/or sells PopSockets products in Colorado, all Colorado orders, including the orders placed by

DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

PopSockets so they can make false ip complaints and tamper with evidence, have been cancelled on Amazon and not shipped to Colorado, Amazon owns the domain that sells the PopSockets in Colorado and worldwide - defendants have no ownership in Amazon and do not control where Amazon sells the PopSockets. Amazon is simply a forum sellers use to sell products worldwide. The only order shipped to Colorado was an overnight order for about $250 placed by PopSockets. PopSockets created that order to manufacture evidence and/or get our mailing address.

8. Defendant purchasing the PopSockets products from bona fide retailers and then listing and selling them on Amazon as a secondary source does not constitute trademark infringement nor subject defendants to jurisdiction in Colorado. Plaintiff has failed to produce or prove any legal theory to support how this is trademark infringement. **Matrix Essentials v Quality King.**, 522 F.Supp.2d 470 (2007), The resale of such genuine goods does not create consumer confusion and supports neither a claim of infringement nor unfair competition. **John Paul Mitchell v Pete N Larry's,**, 862 F.Supp. 1020 (W.D.N.Y. 1994), as a general rule, trademark law does not prohibit the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark. John Paul Mitchell sues to stop Pete N Larry's *et al* from reselling John Paul Mitchell Cosmetics. John Paul Mitchell lost on all issues except the removal of batch codes from the merchandise. **McDonald's v Shop At Home**, 82 F.Supp.2d 801 (MD TN **2000**). Shop At Home bought and then sold some promotional toys that McDonald's only wanted sold

Page 8
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

through the fast food outlets. McDonald's claimed selling the toys without authorization was infringement. The district court ruled the first sale doctrine overruled the objections by McDonalds. <u>Polymer Technology Corp. v. Mimran</u>, 37 F.3d 74 (2nd Cir **1994**). Polymer sued to stop Mimran from buying its promotional products and then reselling them. The court said it was not illegal.

9. Defendants are clearly protected by the Right of First Sale Doctrine. Plaintiff wants to treat defendants as is they do not have title to the PopSockets and they simply have a rental agreement. Plaintiff wants to try and control where and how defendants sell their PopSockets products which is clearly prohibited by the Right of First Sale Doctrine. <u>Quality King Distributors, Inc. v. Lanza Research Int</u>, 523 U.S. 135 (1998), The whole point of the first sale doctrine is that once the copyright owner places a copyrighted item in the stream of commerce by selling it, he has exhausted his exclusive statutory right to control its distribution. <u>John Paul Mitchell v Quality King</u>, 106 F.Supp.2d 462 (5th Cir **2000**). John Paul Mitchell sued to stop Quality King from selling diverted cosmetics. The court said "Sorry John Paul", not ingringrment or interference with a contract

10. The First Sale Doctrine provides that any Amazon Seller that purchases a branded item can resell that item so long as it is in an unchanged state. Amazon Sellers who stock, display, and resell genuine products bearing a true mark are protected by the essence of the First Sale Doctrine. If an

Amazon Seller merely resells authentic products in the exact, unaltered condition as they received them, which is the exact condition as listed on Amazon, then the First Sale Doctrine is their defense against baseless rights owner complaints. **Matrix Essentials v. Cosmetic Gallery**, 870 F. Supp. 1237 (D.N.J. 1994), Trademark rights are `exhausted' as to a given item upon the first authorized sale of that item. **Graham Webb Intl v Emporium Drug Mart** 916 F.Supp. 909 (E.D. Ark **1995**) Graham Webb sells over-priced cosmetics through salons only. Emporium Drug Mart obtained some diverted product and was selling it cheaper. Webb sued. He lost on all counts. **Softman Products v Adobe Systems**, 171 F. Supp. 2d 1075 (C.D. Cal. 2001). Court states, under the first sale doctrine, resale by the first purchaser of the original article under the producer's trademark is generally neither trademark infringement nor unfair competition." It also stated, the "sale of genuine trademarked product by seller unauthorized to sell not a violation of Lanham Act".

11. It is plaintiff's burden to prove trademark infringement. In order to be successful, the plaintiff must show that use of a mark has created a likelihood of confusion, mistake or deception about the origin of the defendant's goods or services; otherwise there was no trademark infringement. The resale of authentic products does not confuse customers about the origin of an authentic product, and therefore is not an infringement. Where customers received the product they expected, there is no damage to the goodwill or reputation of a trademark owner's mark. Plaintiff has failed

this test and failed to produce any proof of consumer confusion caused by defendants legal and rightful sales of PopSockets items on Amazon. <u>Jordache Vs Hogg Wyld</u>, 828 F.2d 1482 (10th Cir. 1987), The marks "must be compared in the light of what occurs in the marketplace, not in the courtroom." <u>Hasbro, Inc., vs Clue Computing, Inc</u>, 52 U.S.P.Q.2d 1402 (2nd Cir 1999) **(Abv only)**, the affidavits show actual confusion, they do not show reasonable confusion, which is required to find infringement. <u>CD Solutions v Tooker</u>, 15 F. Supp. 2d 986 (D. Or. 1998), determining likelihood of confusion requires consideration of six factors: 1) the strength or weakness of the marks; 2) the similarity in appearance, sound, and meaning; 3) the class of goods in question; 4) the marketing channels; 5) evidence of actual confusion; and 6) evidence of the intention of defendant in selecting and using the alleged infringing name.

12. Plaintiff has clearly filed suit for trademark infringement that goes beyond their scope of protection and plaintiff is clearly engaging in trademark bullying. Defendants have clearly provided evidence to prove the authenticity of the PopSockets to the court (ECF 40). Plaintiff has the burden of proof to prove that an infringement occurred and plaintiff has failed to prove this. Defendant has already proven the authenticity of the product (ECF 40) and plaintiff has made no objections or challenges to this evidence. For this reason alone, this case should have been dismissed a long time ago instead of letting plaintiff and their counsel continue their nonsense motion practice, abuse of process, vexatious litigation and the wasting of judicial resources.

13. Groves filed a meritless "MOTION for Leave to File Sur Reply to Defendants Amended Response to Plaintiff's Response to Defendants Motion to Dismiss for Lack of Subject Matter Jurisdiction per Minute Order ECF 40" on 9-4-2019. Groves then turns around and files a response to the Motion for Leave on 09-30-2019. The court hasn't even ruled on this motion as of 9-30-2019 yet Groves already filed his sur reply. Groves clearly did not and is not following the rules of the court.

Defendants ask the court to reconsider and reverse the denial of defendants "Motion to Dismiss for Lack of ... Jurisdiction". Defendants ask the court to issue a new ruling which will grant Defendants "Motion to Dismiss... Lack of Jurisdiction" since the evidence presented clearly proves Colorado is not the proper jurisdiction for this case. Defendants further ask the court to dismiss the case with prejudice to not allow plaintiff to file the same suit in another jurisdiction and also to not allow the order to be appealed. Plaintiff, and Plaintiff's legal counsel clearly need to be sanctioned for their behavior, continued Rule 11 violations and continued motion practice. If the court chooses not to reverse the original denial of defendants "Motion to Dismiss...... Jurisdiction" then defendants ask the court to issue a Temporary Restraining Order and prevent plaintiff and plaintiff's counsel from pursuing discovery and any further litigation and/or motion practice against defendants until the completion of items 1-8 listed above in first section have occurred and the US Government has been allowed time to investigate and/or make an appearance on this case.

## CERTIFICATE OF SERVICE

We, the undersigned, hereby certify that, on the 31st day of December, 2019, we are filing the above and foregoing document with the court using Federal Express Overnight Courier and have sent notice of this motion to the email addresses of Matthew Groves, Darren Garcia, Rajeev Adlakha and William D. Kloss, Jr., as listed below. Defendants are Pro Se and do not have access to the online PACER filing system like attorneys so Defendants are unable to e-file this motion and Defendants must send paper documents to the court.

Dated this 31st day of December, 2019

*Lora Suzanne Wilcox,*
*Pro Se, Defendant*
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4391
E-mail: bkw3@prodigy.net
Defendant

*Bradley James Wilcox,*
*Pro Se, Defendant*
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4388
E-mail: bkw3@prodigy.net
Defendant

Matthew Groves
Groves Law, LLC
281 S. Pearl Street
Denver, CO 80209

Page 13
DEFENDANTS MOTION FOR A TEMPORARY RESTRAINING ORDER

Phone: (303) 557-0199
Email: matt@grovesllc.com
Counsel for Plaintiff PopSockets LLC

William D. Kloss, Jr. (Ohio Bar No. 0040854)
Vorys, Sater, Seymour and Pease LLC
200 Public Square
Suite 1400
Cleveland, Ohio 44114-2327
Phone (216) 479-6175
Email: wdklossjr@vorys.com
Counsel for Plaintiff PopSockets LLC


Darren Scott Garcia
Vorys Sater Seymour & Pease LLP-Cincinnati
301 East 4th Street
Great American Tower
Suite 3500
Cincinnati, Ohio 45202
Phone (513) 723-4020
Email: dsgarcia@vorys.com
Counsel for Plaintiff PopSockets, LLC

Rajeev Kumar Adlakha
Vorys Sater Seymour & Pease LLP-Cleveland
200 Public Square
Suite 1400
Cleveland, Ohio 44114
Phone (216) 479-6175
Email: rkadlakha@vorys.com
Counsel for Plaintiff PopSockets, LLC

Plaintiff's Address
5757 Central Ave, Boulder, CO 80301