# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01080-RM-MEH

POPSOCKETS, LLC

    Plaintiff

vs.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 31 2019

JEFFREY P. COLWELL
CLERK

LORA SUZANNE WILCOX,

BRADLEY JAMES WILCOX,

    and

JOHN DOES 1-10, individually or as corporate/business entities

    Defendants

---

## DEFENDANTS FILING OF EMAIL COMMUNICATIONS - BATCH #2

---

**DEFENDANTS FILING OF EMAIL COMMUNICATIONS - BATCH #2**

From: Bradley Wilcox bkw3@prodigy.net
Subject: Re: 1:19-cv-01080-RM-MEH PopSockets LLC v. Wilcox - Request for discovery dispute conference
Date: Dec 5, 2019 at 6:33:51 PM
To: Hegarty Chambers hegarty_chambers@cod.uscourts.gov
Cc: matt@grovesllc.com, Adlakha, Rajeev K. rkadlakha@vorys.com, david.barnett@popsockets.com

I also need time to file papers with the court. The court has definitely erred in not granting our Motion to Stay Discovery. There clearly is no trademark controversy in our case and the court is only be used by plaintiff to harass me. I need time to file papers and evidence to expose the great fraud and deceptive practices Groves, Vorys Lawfirm and PopSockets are bestowing upon the court and defendants.

I am clearly protected 100% by the "Right of First Sale Doctrine". The court should not be letting Groves continue to waste their time with his nonsense and motion practices. The record does not reflect anywhere that I have intentionally targeted and sold PopSockets products in the state of Colorado. There is also no forensic evidence contained in the record to support any

of PopSockets baseless allegations. Colorado clearly is not the proper jurisdiction for this case and this case should not even be before the court and should have been dismissed by the court a long time ago. Amazon is a worldwide forum. Selling on Amazon does not subject a seller to jurisdiction in all 50 states. I do not own the amazon.com domain and in no way have targeted sales of PopSockets to Colorado specifically. I have previously stated this to the court and we have zero business contacts in Colorado. I do not have a personal website or domain to promote PopSockets to Colorado and I have never stepped into Colorado and sold a single PopSockets item.

There is another case in the same Colorado Federal Court and Groves is the Attorney on this case also. The

case is 1:19-cv-01277-CMA-NYW PopSockets LLC v. Online King LLC. This case follows the exact same plot as our case and the exact same baseless allegations. Judge Nina Wang granted a 3 month temporary discovery stay on this case and she will revisit the stay in January 2020.

Amazon specifically states "If there is any brand restriction from the Brand Owner, the brand owner must first reach out to Amazon and Amazon will reach out to the sellers to stop their listing. PopSockets never did this because they know it will constitute tortious interference with our Amazon account so instead they are using the court as a weapon to conduct unethical practices and to harass defendants.

**Most of the brands that Vorys filed a lawsuit for ended up being sold on Amazon by iServe. Eliminating iServe's competitors, mainly gray market sellers, appears to be a very large source of Vorys' business. For example:**

**-iServe and Vorys give frequent joint marketing presentations to brand owners, both in the United States and overseas, via Practicology. They usually pitch that they can control the retail prices for a brand's products.**

**-iServe refers business to Vorys via its Trigaurdian program.**

**-iServe employees have appeared numerous times to testify in lawsuits filed by Vorys but Vorys never discloses to the court their relationship with each other.**

**-iServe generally does not follow the quality control**

measures that the lawsuits are ostensibly about, but is never targeted by Vorys.

One of the reasons that Vorys gets away with this is because people don't know what they are up to.
Here are some of the companies Vorys filed lawsuits on behalf of. Their products all ended up being sold on Amazon by iServe:

Standard Process

Pure Encapsulations

Skullcandy

Rainbow Light

Health Concerns

Tumi

Derive Systems

Owlet Baby

Popsockets

"Considering Vorys is being used to wipe out competition and therefore used for price manipulation on the marketplace."

There is also a presentation on the web by Vorys. They are more open about what they are up to than you might think. **According to Vorys, manufactured trademark claims are "the primary weapon" in the arsenal of**

**"advanced legal tactics for only the most troublesome and price-disruptive sellers."** If you google "The Winning Strategy for MAP Success and Long-Term Brand Value in the E-Commerce Market" you will find the white paper.

iServe is the DBA name for Pattern. If you go to Pattern's website and look on their Sept 2019 blog, they outright admit their relationship with Vorys. The 3rd paragraph from the bottom clearly states "At Pattern, we partner with Vorys (experts in eControl) to help our brands seamlessly create and enforce a viable MAP policy." Blog post is below.

What to Do If You Have Gray Market Sellers Breaking MAP

**By Eleanor Adams**

Where's the MAP? No, we don't mean Dora the Explorer's talking, overly self-exuberant map. In the eCommerce world, MAP is an acronym for "minimum advertised price." If you're selling online and aren't quite sure where—or what—yours is, you might be in trouble.

**What is a MAP policy?**

A MAP policy is an agreement between the manufacturer and their retailers that spells out the lowest price at which the retailer can advertise the manufacturer's products. AKA, if the manufacturer says their socks have to be show up on Amazon for $12 a pop, the retailer has to abide by that agreement or be at risk of violating it.

However, retailers can be sneaky in trying to get around MAP. Rather than blatantly violate MAP, some retailers will use tricks like bundling or giving discount rates at check-out to get around it.

It may not seem too bad to have retailers selling your product for a dollar or two less online, but they can really add up if you're not careful.

**What happens if I don't have a MAP policy?**

First and foremost, said Whitney Gibson, Leader of [Vorys Online Seller Enforcement] you face **margin erosion**—often in your brick and mortar channels as well as online.

"Manufacturers end up with a lot of unauthorized, gray market sellers who are selling their products on the

marketplaces at really cheap prices," Gibson said.

Those cheap prices online eventually push down product prices everywhere because retailers argue for the same cheaper prices—or even refuse to carry the MAP-violating products at all.

"During that process of pricing erosion, the brand is the one that suffers. So it's all about protecting their price and essentially their margin," said Melanie Alder, Pattern Founder and CIO.

Another consequence of not having a MAP policy is **losing control over your brand**, said Jared Mason, a Director of Brand Management at Pattern. Consumers expect certain quality and prices with certain brands. When those expectations are violated, it can decrease

trust in the brand itself. Getting sellers compliant with MAP policy can ensure brand equity.

"With eCommerce, people love the fact that they can find a good deal, but if that good deal is negatively impacting every other channel—if it is negatively impacting even other online channels—then compliance is important to make sure your brand can be consistent," Mason said.

### How do I create a good MAP policy?

When creating a good MAP policy, two things are most important. First, you want to **make sure that your sellers are aware of your policy**. Second, **make sure that your policy is enforceable**.

However, enforcing MAP can take additional time and

money if your legal partner isn't accustomed to MAP compliance. At Pattern, we partner with Vorys (experts in eControl) to help our brands seamlessly create and enforce a viable MAP policy.

When all is said and done, we understand how tough it can be to enforce MAP, 'cause we've been there.

"We've been in the client's shoes," said Nicola Hollow, General Manager of our UK office. "The difference for us is that we help people develop their strategy but we'll also help them implement it."

This is just a sample of the evidence and much more will be filed with the court.

Sent from my iPad

## CERTIFICATE OF SERVICE

We, the undersigned, hereby certify that, on the 31st day of December, 2019, we are filing the above and foregoing document with the court using Federal Express Overnight Courier and have sent notice of this motion to the email addresses of Matthew Groves, Darren Garcia, Rajeev Adlakha and William D. Kloss, Jr., as listed below. Defendants are Pro Se and do not have access to the online PACER filing system like attorneys so Defendants are unable to e-file this motion and Defendants must send paper documents to the court.

Dated this 31st day of December, 2019

*Lora Suzanne Wilcox,*
*Pro Se, Defendant*
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4391
E-mail: bkw3@prodigy.net
Defendant

*Bradley James Wilcox,*
*Pro Se, Defendant*
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4388
E-mail: bkw3@prodigy.net
Defendant

Matthew Groves
Groves Law, LLC
281 S. Pearl Street
Denver, CO 80209
Phone: (303) 557-0199
Email: matt@grovesllc.com
Counsel for Plaintiff PopSockets LLC

William D. Kloss, Jr. (Ohio Bar No. 0040854)
Vorys, Sater, Seymour and Pease LLC
200 Public Square
Suite 1400
Cleveland, Ohio 44114-2327
Phone (216) 479-6175
Email: wdklossjr@vorys.com
Counsel for Plaintiff PopSockets LLC

Darren Scott Garcia
Vorys Sater Seymour & Pease LLP-Cincinnati
301 East 4th Street
Great American Tower
Suite 3500
Cincinnati, Ohio 45202
Phone (513) 723-4020
Email: dsgarcia@vorys.com
Counsel for Plaintiff PopSockets, LLC

Rajeev Kumar Adlakha
Vorys Sater Seymour & Pease LLP-Cleveland
200 Public Square
Suite 1400
Cleveland, Ohio 44114
Phone (216) 479-6175
Email: rkadlakha@vorys.com
Counsel for Plaintiff PopSockets, LLC

Plaintiff's Address
5757 Central Ave, Boulder, CO 80301