**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-01080-RM-MEH

POPSOCKETS LLC,

    Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX, and
JOHN DOES 1-10,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' motions for a temporary restraining order (ECF No. 51) and to enjoin Amazon as a party to this lawsuit (ECF No. 52). The Court denies both motions because they lack merit.

    **A.**    **Motion for Temporary Restraining Order**

The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a temporary restraining order or injunctive relief in any other form, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our*

*Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted).  Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal.  *Schrier*, 427 F.3d at 1258.

Defendants' motion does not seek to preserve the relative positions of the parties.  Rather, it seeks to prevent Plaintiff from pursuing discovery and to allow Defendants time to file various RICO and ethics complaints.  (*See* ECF No. 51 at 2-4.)  Moreover, Defendants have fallen well short of establishing that they are likely to prevail on the merits and that they will be irreparably harmed by having to litigate this lawsuit.  The Court further finds that any injury to Defendants does not outweigh Plaintiff's interest in moving the lawsuit forward and that unnecessarily delaying it would adversely affect the public interest in having disputes resolved in a timely manner.

**B.     Motion to Enjoin**

Defendants cite no legal authority to support their motion to enjoin Amazon in this lawsuit.  Because Defendants proceed pro se, the Court liberally construes their pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the Court does not act as Defendants' advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If Defendants want to involve Amazon or any other party in this lawsuit, they must follow the proper procedures for doing so.  Under the present circumstances, it is not the Court's role to "send proper notice to Amazon so Amazon can make a proper appearance and be enjoined in this case to protect Defendants."  (ECF No. 52 at 2.)

Accordingly, the Court DENIES Defendants' motions (ECF Nos. 51, 52).

DATED this 7th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge