**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-01080-RM-MEH
POPSOCKETS LLC

      Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX,

      and

JOHN DOES 1-10, individually
or as corporate/business entities,

      Defendants.

---

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BRIEF**
**AND OTHER FILINGS**

---

Plaintiff PopSockets LLC ("PopSockets") respectfully moves the Court to strike the following documents filed by Defendants Bradley James Wilcox and Lora Suzanne Wilcox on December 31, 2019 (collectively, "Defendants' Filings"):

- ECF No. 53 ("BRIEF Explaining the Relationship and Racketeering Activity Between iServe, Triguardian, Pattern and Vorys Lawfirm")

- ECF No. 57 ("FILING of Email Communications Between Mr. Wilcox and Chambers on 12/27/2019")

- ECF No. 58 ("FILING of Email Communications – Batch #1)

- ECF No. 59 ("FILING of Email Communications – Batch #2)

- ECF No. 60 ("FILING of Email Communications – Batch #3)

1

Defendants' Filings are not related to any pending motion or other matter properly before the Court, but are merely an attempt to submit irrelevant and procedurally improper arguments and evidence and disparage PopSockets' counsel and unrelated third parties with unsupported and ad hominem attacks. Defendants' Filings violate the Court's local rules and should be stricken.

## Argument

The Court "has discretion to strike materials that are in non-compliance with the Local Rules." *Dubrovin v. Ball Corp. Consol. Welfare Benefit Plan*, No. 08-cv-00563 -WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009); *see O'Melveny & Myers v. Hopkins*, No. 98-1186, 1998 1998 WL 704710, at *3 & n.6 (affirming district court's order striking briefs filed by *pro se* party because "briefs were non-complying" and "a pro se litigant still must comply with the rules of procedure, including local rules"); *see also* Judge Hegarty's Practice Standards § II.A.2 ("Failure to comply with these rules . . . may result in a filing being denied without prejudice or simply stricken.").

In this case, Defendants' Filings violate the local rules. First, the Brief Defendants filed at ECF No. 53 ("Defendants' Brief") is improper because it is not authorized by the local rules. The local rules govern what briefs may be filed. In particular, under D.C.Colo.LCivR 7.1(d), a party making a motion must include its legal arguments in the motion itself rather than a separate brief, the party opposing the motion may file a response brief, and then the party making the motion may file a reply brief, subject to certain deadlines.[1] These rules are in place so that all

---

[1] Judge Moore's Practice Standards also permit the filing of trial briefs, *see* Judge Moore's Practice Standards § F, but Defendant's brief cannot be construed as a trial brief as discovery in this case remains ongoing and no trial has been set.

briefs have a clear purpose, and parties have a fair and orderly chance to respond to each other's arguments. These rules would be circumvented if parties were permitted to file briefs whenever they wanted.

Defendants' Brief does not relate to any pending motion, requests no relief, and does not purport to be a response or reply brief. Instead, it merely attempts to disparage PopSockets' counsel and various third parties that are not in this case. Because Defendants' Brief does not relate to any pending motion, PopSockets is unsure what relief Defendants are seeking, what the legal standard is for that relief, whether PopSockets would be allowed a response brief, and whether the third parties attacked by Defendants' Brief would have a chance to respond. This sort of confusion is what the local rules on motions and briefing are supposed to prevent. Accordingly, Defendant's Brief should be stricken.

Defendants' remaining filings also violate Judge Moore's Practice Standards, § B.1, which provides that "[a]ll communications must be made in the form of a motion, brief, notice, or status report." In this case, the emails that Defendants filed are not motions, briefs, notices, or status reports. Rather, they are an improper attempt to submit unverified evidence to the Court. Like Defendants' Brief, these emails are not related to any pending motion. Because these filings are not related to any pending motion, PopSockets cannot determine their relevance, the purpose they are being cited for, and their admissibility. These filings should be stricken as well.[2]

---

[2] Plaintiff's Requests for Judicial Notice were filed as a part of a series of meritless filings, including the *Motion for Temporary Restraining Order* (ECF No. 51) and the *Motion to Enjoin Amazon To The Above Captioned Lawsuit* (ECF No. 52), both of which were denied sua sponte by the Court as lacking merit.

## **Conclusion**

For the foregoing reasons, the Court should strike Defendants' Filings at ECF Nos. 53, 57, 58, 59, and 60.

Respectfully submitted,

*/s/ Matthew Groves*
Matthew Groves
Groves Law, LLC
281 S. Pearl St.
Denver, CO 80209
Phone: (303) 557-0199
Email:  matt@grovesllc.com

Rajeev K. Adlakha (Ohio Bar No. 0087096)
William D. Kloss (Ohio Bar No. 0040854)
Daren S. Garcia (Ohio Bar No. 0077156)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
Phone:  (216) 479-6175
Email:  rkadlakha@vorys.com
            wdklossjr@vorys.com
             dsgarcia@vorys.com

*Counsel for Plaintiff PopSockets LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed with the Court on January 16, 2019. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

      Notice of this filing will be sent to the following individuals via U.S. Mail:

Lora Suzanne Wilcox
Bradley James Wilcox
9100 Independence Parkway, #2409
Plano, TX 75025
Email: bkw3@prodigy.net

                                                  */s/ Matthew Groves*
                                                Matthew Groves