# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01080-RM-MEH

POPSOCKETS, LLC

       Plaintiff

vs.

LORA SUZANNE WILCOX,

BRADLEY JAMES WILCOX,

      and

JOHN DOES 1-10, individually or as corporate/business entities

      Defendants

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2020

JEFFREY P. COLWELL
CLERK

---

## DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020; ECF69]

---

Defendants, Bradley James Wilcox and Lora Suzanne Wilcox, Pro Se, hereby submit this DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020; ECF69]

1. Plaintiffs motion is merely a waste of judicial resources and both defendants and the court's time. Plaintiff had every opportunity to object to the filings prior to 1-16-2020. Plaintiff is supposed to have only 14 days to file any objections and/or reposed to any court filings. Plaintiff responded outside of the 14 day window and therefore plaintiff's

Page 1
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

"Motion to Strike……." Should be denied as untimely. Plainttiff made no objections to any of defendants 12-31-2019 filings until defendants served plaintiff with a copy of defendants' appellant brief. Once plaintiff received the brief, then all of a sudden plaintiff wants to redress and object to the filings, which is untimely. On 1-16-2020, the trial court also did not have jurisdiction over the case as the case was before the appeals court. The trial court still should not have jurisdiction over this case as plaintiff has failed to produce any evidence of Colorado business contacts defendants have in Colorado, pursuant to SCOTUS "International Shoe vs. Washington State". Defendants have met their burden and have adequately proved to the court thru affidavits and various court filings that defendants have no business contacts in Colorado and specific jurisdiction is not proper in Colorado for defendants.

2. Plaintiff fails to prove or justify any real, legal theories and/or logical reasons for wanting the 12-31-19 filings stricken from the record. It is very obvious the only reason plaintiff wants the filings stricken is because they are factual and truthful and are an embarrassment to plaintiff. Defendants are protected by the litigation privilege and have the right to file any paper with the court and are protected by the First Amendment. Defendants have the right to get evidence onto the record for appellate review and to protect themselves during litigation. Groves is trying to keep defendants from having the right to protect themselves and get filings onto the record for appellate review and to protect themselves. Several of the 12-31-19 filings were referenced in defendants appellate brief filed with the Court of Appeals. Groves

Page 2
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

should have no right to act as "judge of the court" and tell defendants what they can and cannot do and what is not "procedurally correct". This is the job of the Judge of the Court. Groves wanting defendants to strike the pleadings and filings is only self-serving to plaintiff and has no real legal basis in law. Plaintiff fails to provide, under what legal theory, the filings should be stricken and only states case law and speculative allegations, as has been the norm for plaintiff during this entire litigation.

3. The appeals court has already ruled on the appeal and brief are moot at this point. Plaintiff also had 10 days to file a "Motion to Dismiss the Appeal" after the appeal was perfected and they did not do this therefore waiver occured.

4. During the 2-20-2020 hearing, Judge Hegarty stated the court allowed my 12-31-19 filings to be filed with the court. Judge Hegarty addressed the issues with the filings and proper court procedures, so therefore this motion to strike is moot. Based on Judge Hegarty's comment during the hearing, Hegarty's comment is prima facia evidence the court is ok with the filings and the filings are proper. If the filings were not proper, the court would not have allowed them to be filed and a docket entry would appear that would state why the papers were not filed. This is not the case here so the "Motion to Strike....." Should be deemed as entirely moot.

5. Any reasonable attorney would normally just ignore the 12-31-19 court filings or would have filed their proper motion(s) within the 14 day time period to challenge the filings instead of waiting 16 days later after they are served with defendants appellate brief. Here again, it is obvious there is no real legal reason to strike the filings other

DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

than plaintiff is embarrassed, doesn't want the truth to be on the record and only has self-serving interests at stake here.

6. The 12-31-19 court filings were all sent via email to legal counsel on 12-31-2019 and they made no objections to any of the filings. So again, plaintiff's counsel is filing a meritless and frivolous motion with the court to waste his client's money, waste defendants time and waste judicial resources.

7. Plaintiff has alleged defendants filed a frivolous appeal. This is completely untrue. Defendants have every right to file an inter-locatoray appeal and make a collateral attack on jurisdiction at anytime during the proceedings. This right is granted per the collateral order attack doctrine. Defendants have repeatedly told the court in affidavits and filings with the trial court that jurisdiction is not proper in Colorado and defendants have no business contacts in Colorado. Plaintiff has continued to commit fraud upon the court and plea and assert that the court does have specific jurisdiction over defendants yet plaintiff has pleaded no evidence anywhere on the record that defendants meet the business contacts requirements in Colorado per SCOTUS case "International Shoe vs. Washington State". Brad has made 4 requests via email to plaintiff to voluntarily produce the list of business contacts and plaintiff has refused to produce. After giving plaintiff 18 days, Brad had to issue a subpoena to Popsockets to produce this list. The COA dismissed defendants appeal over a technicality. Defendants failed to inform the COA in one sentence how the COA has jurisdiction to review and brief the appeal. Defendants completely misunderstood the order and

Page 4
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

thought the issue of only jurisdiction was supposed to be addressed in their appellate brief. A reasonable Pro Se party would interpret the order to mean this. Brad downloaded the Pro Se appellate template from the COA website and followed the template exactly as it was written. Nowhere on the template was there any specific mention of jurisdiction or a specific section mentioning jurisdiction. A reasonable person can read defendants appellate brief and clearly reason the brief only addresses the issue of jurisdiction.

8. Plaintiff has continued and persisted to vexatiously multiply proceedings on this case even though no evidentiary support exists to establish and prove specific jurisdiction. This vexatious litigation constitutes a Rule 11 violation on behalf of counsel. Plaintiff has continued to multiply proceedings in this case even though the claims in the lawsuit have no support in law or fact.

9. A violation of Rule 11 occurs when an attorney files documents with the court for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation); advances frivolous arguments; or makes unsupported factual allegations. Infant Swimming Research, Inc. v. Heumann, Civil Case No. 07-cv-00839-LTB-BNB (D. Colo. Jun. 3, 2008)

10. The Court of Appeals ruled on 01-24-2020 that the COA did not have jurisdiction to review and brief defendants appeal. This ruling should also apply to the trial court as the trial court should not have jurisdiction to continue on this case and the case should be dismissed with prejudice, due to counsel's vexatious conduct in

DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020; ECF69]

prosecuting this case. The trial court is required to hold an evidentiary hearing regarding a motion to dismiss for lack of specific jurisdiction. The trial court never did this. "A trial court must not weigh and resolve disputed facts raised in section (b)(2) motion unless it conducts an evidentiary hearing. Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187 (Colo. 2005); First Horizon Merch. Servs., Inc. v. Wellspring Capital Mgmt., LLC, 166 P.3d 166 (Colo. App. 2007); Goettman v. North Fork Valley Rest., 176 P.3d 60 (Colo. 2007); Griffith v. SSC Pueblo Belmont Oper. Co., 2016 CO 60M, 381 P.3d 308."

11. At some point, this court has the duty to do more that observe, record, and warn. It has a duty to act. Defendants are confident that time to act has more than come and the court needs to act to stop the pattern of vexatious litigation plaintiff and plaintiff's counsel is and has been exercising against Wilcox and all other similarly situated. PopSockets defendants within this court. Plaintiff has engaged this court is a series of vexatious lawsuits and litigation against small 3rd party Amazon sellers in an attempt to get rid of competition and circumvent the "Right of First Sale Doctrine". Defendants ask the court to impose the following sanctions on all of PopSockets attorneys of record and Plaintiff, PopSockets, equally. All attorneys of record and PoSockets should be found to be vicariously and contributorily liable and held equally liable for sanctions. Brad has included all counsel of record and PopSockets CEO, David Barnett, on all email responses and emails pertaining to unethical behavior and

DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020; ECF69]

violations of the law. PopSockets knows what their attorneys are doing and Brad has

informed Barnett, via email, of PopSockets counsel's behavior.

1. An admonition or reprimand

2. Mandatory continuing legal education

3. A hefty fine equally to all legal counsel and plaintiff, PopSockets

4. An award of reasonable expenses, including lost time by defendants, incurred

as a result of plaintiff and plaintiff's counsels misconduct. Currently, about

$75,000.

5. Referral to the appropriate Supreme Court attorney disciplinary counsel of

Colorado and/or Ohio

6.Entry of a preclusion order (evidence, issue or claim-preclusion)

7. Dismissal of this case in its entirety with prejudice and/or entry of a default

judgement

8. Injunctive relief limiting the offender's future access to the courts

9. Censure, suspension or disbarment of counsel

10. Disqualification of counsel

11. Precluding payment of attorney's fees

12. Mandatory pro bon representations; and

13. Forfeiture of a sanction award

DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

12. Defendants also ask the court to appropriately sanction all legal counsel of record, per Section 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct." Sanctions under Section(s) 1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987). We review the district court's decision to impose sanctions under Section(s) 1927 under an abuse of discretion standard. *Griffen v. City of Okla. City,* 3 F.3d 336, 342 (10th Cir. 1993). "Sanctions must be appropriate in amount and levied upon the person responsible for the violation. *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187(10th Cir. 1985). We agree with those circuits that have expressed the view that the sanctioning of a party requires specific findings that the party was aware of the wrongdoing. *Calloway,* 854 F.2d at 1474-75; *Donaldson v. Clark,*819 F.2d 1551, 1560 (11th Cir. 1987) (en banc).". Another example of Groves threat to sanction defendants for exercising their legal rights is an email attached as "Exhibit D".

WHEREFORE, the Defendants pray that this Court enter an order dismissing plaintiff's "MOTION TO STRIKE DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020; ECF69]" with prejudice and further dismiss this lawsuit in it's entirety, with prejudice, and as a sanction to plaintiff. Defendants ask the court to further

heavily sanction and fine plaintiff and plaintiff's counsel of record for their vexatious litigation tactics. Respectfully submitted this 13th day of March, 2020

## CERTIFICATE OF SERVICE

We, the undersigned, hereby certify that, on the 16th day of March, 2020, we are filing the above and foregoing document with the court using Federal Express Overnight Courier and have sent notice of this motion to the email addresses of Matthew Groves, Darren Garcia, Rajeev Adlakha and William D. Kloss, Jr., as listed below. Defendants are Pro Se and do not have access to the online PACER filing system like attorneys so Defendants are unable to e-file this motion and Defendants must send paper documents to the court.

Dated this 16th day of March, 2020

**Lora Suzanne Wilcox,**
**Pro Se, Defendant**
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4391
E-mail: bkw3@prodigy.net
Defendant

**Bradley James Wilcox,**
**Pro Se, Defendant**
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4388
E-mail: bkw3@prodigy.net
Defendant

Page 9
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

Matthew Groves
Groves Law, LLC
281 S. Pearl Street
Denver, CO 80209
Phone: (303) 557-0199
Email: matt@grovesllc.com
Counsel for Plaintiff PopSockets LLC

William D. Kloss, Jr. (Ohio Bar No.
0040854)
Vorys, Sater, Seymour and Pease LLC
200 Public Square
Suite 1400
Cleveland, Ohio 44114-2327
Phone (216) 479-6175
Email: wdklossjr@vorys.com
Counsel for Plaintiff PopSockets LLC

Darren Scott Garcia
Vorys Sater Seymour & Pease LLP-
Cincinnati
301 East 4th Street
Great American Tower
Suite 3500
Cincinnati, Ohio 45202
Phone (513) 723-4020
Email: dsgarcia@vorys.com
Counsel for Plaintiff PopSockets, LLC

Rajeev Kumar Adlakha
Vorys Sater Seymour & Pease LLP-
Cleveland
200 Public Square
Suite 1400
Cleveland, Ohio 44114
Phone (216) 479-6175
Email: rkadlakha@vorys.com
Counsel for Plaintiff PopSockets, LLC

Page 10
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

Plaintiff's Address
5757 Central Ave, Boulder, CO 80301

Page 11
DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' BRIEF AND OTHER FILINGS [FILED JANUARY 16, 2020;
ECF69]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Popsockets, LLC
_____
*Plaintiff*

Lora Suzanne Wilcox and
Bradley James Wilcox and
John Does 1-10, Individually and as
Corporate Entities.
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

19-cv-01080-Rm-MEH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Matthew Groves, Attorney For Popsockets, LLC

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED

| Place: Email to BKW3@prodigy.net and Send Actual Paper Copies to Defendents' Address on File | Date and Time: 14 Days After Service of Subpoena By 17:00 MNT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3-5-2020

CLERK OF COURT

Roman Vella
_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bradley Wilcox and Lora Wilcox Pro Se , who issues or requests this subpoena, are:
9100 Independence Parkway, #2409, Plano TX 75025   972-741-4388

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Items to produce:
1) A list of all business contacts defendants have in the state of Colorado which PopSockets relied upon, or has relied upon, to establish specific jurisdiction in Colorado. This will include: name, address, business name, telephone number, email address and relationship to plaintiff and/or defendants.
2) Any physical, paper and/or electronic evidence in PopSockets possession or kept in the normal course of business or in anyone else's possession that was used, has been used and/or is being used and/or relied upon to establish specific jurisdiction in the state of Colorado.

Per, Lee v. Mo. P. R. R. 152 Colo. 179, 381 P.2d 35 (1963) Colorado courts permit rule 45 subpoenas to parties named in a suit and combine FRCP rule 34 and FRCP rule 45 as long as the party issuing the subpoena can demonstrate good cause.

Defendants have good cause for issuing this subpoena to plaintiff to produce. Plaintiff has asserted specific jurisdiction in their original complaint filed with the court. Defendants filed a "Motion to Dismiss for Lack of Jurisdiction" and defendant's motion was dismissed. Defendants have filed affidavits with the court and have continually plead throughout the court record that Defendants have zero business contacts in Colorado. Plaintiff has failed to incorporate into the court record

anywhere any evidence of any business contacts defendants have in Colorado to support and prove specific jurisdiction is proper in Colorado, per SCOTUS, International Shoe vs. State of Washington.

Defendants are 100% confident plaintiff has no evidence to support or prove specific jurisdiction in Colorado. Defendants believe and suspect plaintiff may try to use defendants discover responses to "manufacture" contacts in Colorado and/or possibly engage in witness tampering, by contacting the Amazon PopSockets buyers and getting them to "create" evidence so as to try and prove specific jurisdiction in Colorado. Defendants want plaintiff to produce the evidence requested in the subpoena prior to defendants producing their discovery to plaintiff as defendants will be prejudiced if plaintiffs do not produce this evidence before defendants are required to turn over discovery to plaintiff. Plaintiff should have this information readily available in a Word doc or Excel spreadsheet and/ or be able to easily and readily supply the information since plaintiff has asserted and has continued to assert specific jurisdiction and challenged defendants "Motion to Stay Discovery" and "Motion to Dismiss...Lack of Jurisdiction".

Defendants are currently working on and preparing a "Motion for Summary Judgement" to file with the court. Defendants need this evidence "sooner than later" so

defendants can finish their "Motion for Summary Judgement" and get the motion filed with the court.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
901 19th Street, Denver, CO 80294

**Plaintiff**

POPSOCKETS, LLC

v.

**Defendant(s)**

LORA SUZANNE WILCOX; BRADLEY JAMES WILCOX and JOHN
DOES 1-10, Individually and as Corporate Entities

**Affidavit of Service**

Case #:   19-CV-01080-RM-MEH

Received on March 06, 2020 at 10:30 am

I, **Joshua Aragon**, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

On **March 10, 2020 at 2:30 pm**, I executed service of a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE 45; ATTACHMENT, on POPSOCKETS, LLC** at C T Corporation, 7700 E. Arapahoe Road, Suited 220, Centennial, Arapahoe County, CO 80112.

By Registered Agent Service to: ALLIE HANSON - INTAKE SPECIALIST

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Subscribed and sworn before me by the affiant who is personally known to me.

Joshua Aragon

Notary

Date   3/11/2020

STEVEN D GLENN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20034042481
MY COMMISSION EXPIRES DECEMBER 17, 2023

Field Sheet Id: 1546                                                                                    Page 1 of 1

Client Reference   Popsockets, LLC v. Lora Suzanne Wilcox, et al.                          Process ServerSoftware  Pro

<u>CERTIFICATE OF SERVICE</u>

We, the undersigned, hereby certify that, on the 16th day of March, 2020, we are

filing the foregoing document, "Subpoena to Produce Documents, Information, or

Objects or to Permit Inspection of Premises in a Civil Action", with the court using

Federal Express Overnight Courier and have sent notice of this motion to the email

addresses of Matthew Groves, Darren Garcia, Rajeev Adlakha and William D. Kloss, Jr.,

as listed below. Defendants are Pro Se and do not have access to the online PACER

filing system like attorneys so Defendants are unable to e-file this motion and

Defendants must send paper documents to the court.

Dated this 13th day of March, 2020

**Lora Suzanne Wilcox,**
**Pro Se, Defendant**
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4391
E-mail: bkw3@prodigy.net
Defendant

**Bradley James Wilcox,**
**Pro Se, Defendant**
9100 Independence Parkway,
#2409
Plano, Texas 75025
Telephone: 972-741-4388
E-mail: bkw3@prodigy.net
Defendant

Matthew Groves
Groves Law, LLC
281 S. Pearl Street
Denver, CO 80209
Phone: (303) 557-0199
Email: matt@grovesllc.com
Counsel for Plaintiff PopSockets LLC

William D. Kloss, Jr. (Ohio Bar No.
0040854)
Vorys, Sater, Seymour and Pease LLC
200 Public Square
Suite 1400
Cleveland, Ohio 44114-2327
Phone (216) 479-6175
Email: wdklossjr@vorys.com
Counsel for Plaintiff PopSockets LLC

Darren Scott Garcia
Vorys Sater Seymour & Pease LLP-
Cincinnati
301 East 4th Street
Great American Tower
Suite 3500
Cincinnati, Ohio 45202
Phone (513) 723-4020
Email: dsgarcia@vorys.com
Counsel for Plaintiff PopSockets, LLC

Rajeev Kumar Adlakha
Vorys Sater Seymour & Pease LLP-
Cleveland
200 Public Square
Suite 1400
Cleveland, Ohio 44114
Phone (216) 479-6175
Email: rkadlakha@vorys.com
Counsel for Plaintiff PopSockets, LLC

Plaintiff's Address
5757 Central Ave, Boulder, CO 80301