**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:19-cv-01080-RM-MEH

POPSOCKETS LLC

       Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX

       and

JOHN DOES 1-10, individually
or as corporate/business entities,

       Defendants.

---

**MOTION TO AMEND SCHEDULING ORDER (ECF No. 30 and 76)**

---

Plaintiff PopSockets LLC ("PopSockets"), by and through counsel, hereby submits this **Motion to Amend Scheduling Order (ECF No. 30 and 76)**, and states:

**CERTIFICATE OF COMPLIANCE**

Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned counsel has attempted to confer with Defendants by email and U.S. Mail. Defendants have responded to neither emails nor letters sent by U.S. Mail.

I.  SUMMARY OF MOTION

Due to Defendants' refusal to participate in discovery, the Court previously amended the Scheduling Order. (ECF. No. 76). Thereafter, Magistrate Judge Hegarty held a Discovery Conference on February 20, 2020, to address Defendants' refusal to produce documents, respond to written discovery, or schedule depositions. During that conference Magistrate Hegarty ordered the Defendants to respond to written discovery and produce documents by March 21, 2020, and ordered that, after Plaintiff received written discovery and documents, the Defendants sit for depositions during the week of April 6, 2020. (ECF No. 80.)

Defendants did not respond to written discovery or produce documents by March 21, 2020, as ordered, and the coronavirus crisis has become a national emergency in the interim. Both Colorado and Texas are under travel and quarantine restrictions, the court reporter in Texas is not conducting in-person depositions, and it would not be prudent for everyone to sit in a deposition room together at any rate.

Plaintiff seeks an amendment to the Scheduling Order to extend the discovery deadline, dispositive motion deadline, and pretrial conference by 60 days, in order to properly allow PopSockets to address Defendants' refusal to participate in discovery, and to reset depositions after the crisis phase of the coronavirus pandemic has passed.

## II.   STANDARD FOR MODIFICATION OF SCHEDULING ORDER

Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); ECF No. 30, p. 11. To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006); *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014).

Where, as here, the moving party can show it exercised diligence in proceeding with the case, good cause exists to amend a scheduling order: "'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 681 (D. Colo. 2000) (internal quotation and citation omitted). *See also, Accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order); *Lehman Bros. Holdings Inc.*, 300 F.R.D. at 681.

The Tenth Circuit, in *Smith v. United States*, set forth six factors for the Court to consider when considering a motion to amend a scheduling order: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the

moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. 834 F.2d 166, 169 (10th Cir. 1987).

### III. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

An analysis of the *Smith* factors demonstrates that good cause exists to amend the Scheduling Order:

A. **Imminence of Trial:** Trial is not set in this case, and the Pretrial Conference is currently not scheduled until August 18, 2020. (ECF No. 76). Rescheduling of the Pretrial Conference to allow for discovery to occur will not prejudice any party.

B. **Opposition to Request:** Defendants have not responded to the undersigned's conferral attempts. Any opposition by Defendants should not be accepted, given that one of the reasons for the requested amendment is Defendants' continued refusal to participate in discovery despite this Court's February 20, 2020 order. (ECF No. 80).

C. **Prejudice:** Defendants cannot claim any prejudice associated with allowing discovery to proceed. PopSockets does not seek any extraordinary discovery, but simply seeks the ability to conduct the discovery already permitted by the Court's February 20, 2020 Order. (ECF No. 80).

D.  **Diligence:** PopSockets has acted with diligence in pursuing discovery, whereas Defendants refused to cooperate with discovery from the outset, undertook efforts (already discussed and briefed at length before, during, and after the February 20, 2020 Discovery Conference) to delay discovery and delay resolution of discovery disputes, and now have directly violated the February 20, 2020 Order issued by Magistrate Judge Hegarty.

At the February 20, 2020 Discovery Conference, Magistrate Judge Hegarty took the time to go through every interrogatory and request for production propounded to the Defendants, and ordered Defendants to respond to virtually all of them on or before March 21, 2020. (ECF No. 80). During the Discovery Conference, Magistrate Judge Hegarty further ordered that depositions occur after the production of documents, and ordered depositions to occur during the week of April 5, 2020.

Pursuant to the Magistrate Judge Hegarty's Order, on February 28, 2020, PopSockets diligently noticed Defendants' depositions to occur in Dallas, Texas on April 8 and 9, 2020. See **Exhibit 1**, Notices of Deposition. With respect to document production, the undersigned also diligently communicated with the Defendants to arrange (as discussed during the February 20, 2020) for a document service to pick up and copy Defendants' documents. See **Exhibit 2**, February 26, 2020 emails regarding document production, and March 18, 2020 follow up.

As shown in **Exhibit 2**, it appeared that Defendants would respond to written discovery and produce documents as ordered. However, Defendants did not produce

any responses to written discovery, including any documents, by the March 21, 2020 deadline. Defendants have also not responded to PopSockets' subsequent inquiries regarding Defendants' failure to respond to discovery. See **Exhibit 3**, correspondence of March 26, 2020.

Further by way of diligence, in the face of Defendants' refusal to provide responses to discovery, PopSockets has attempted to subpoena this information directly from Amazon. However, Amazon has objected, noting in particular that the information sought is in the possession and control of Defendants, is easily accessible to Defendants, and can be easily produced by the Defendants.

Responses to written discovery, including production of documents, served as a prerequisite to Defendants' depositions, and it would be a waste of time and resources to take Defendants' depositions without receipt of discovery responses and document production. PopSockets will attempt further to communicate with Defendants, but it may be the case that the matter will need to be addressed pursuant to Rule 37.

Separate and apart from Defendants' continued refusal to respond to written discovery, within the past week or so the rapidly evolving coronavirus crisis has made it impossible to travel to Dallas to conduct depositions. Travel and quarantine restrictions exist both in Colorado and Texas, and the court reporting firm PopSockets has engaged in Dallas has informed the undersigned that it will not conduct any in-person depositions for the foreseeable future. These are similar to the recent

restrictions put in place by the United States District Court for the District of Colorado. See, United States District Court for the District of Colorado, District Court General Order 2020-3. At least until May, 2020, it will not be prudent for anyone to gather in a deposition room. Accordingly, the undersigned informed the Defendants that their depositions would be postponed, and that PopSockets would seek an amendment of the Scheduling Order accordingly. See **Exhibit 3**.

   E. **Need for Discovery**: As this Court found at the February 20, 2020 Discovery Conference, Defendants' responses to PopSockets' Requests for Production of Documents were wholly deficient. Despite Magistrate Judge Hegarty spending a considerable amount of time going through every discovery request with the Defendants on February 20, 2020, and despite his clear order that they respond to discovery and produce documents, Defendants have simply refused to do so.

 PopSockets requires discovery to obtain documents and information in Defendants' possession which directly relate to the trademark infringement and related claims brought against Defendants, and the Court has already ruled that the requested discovery, and depositions, are appropriate.

   F. **Relevant Evidence**: Discovery will certainly lead to relevant evidence, and, again, Magistrate Judge Hegarty already ordered Defendants to respond to discovery and sit for depositions. PopSockets is limited in the information it can obtain through its own investigation or from other sources, such that the discovery of information regarding Defendants' illegal sales, from Defendants, is essential.

### IV. PROPOSED AMENDMENT TO SCHEDULING ORDER

The Court modified the Scheduling Order (ECF No. 30) on January 31, 2020 (ECF No 76). As modified, the Scheduling Order sets the discovery cutoff at May 20, 2020. It is unclear if any travel or in-person depositions will even be possible before mid-May. As modified, the Scheduling Order sets June 19 as the deadline for all Dispositive and Fed. R. Evid. 702, 703, and 704 Motions.

The combination of Defendants' discovery violations and the COVID-19 National Emergency necessitate a 60-day extension so discovery can be completed in an orderly fashion. PopSockets hereby moves to amend the Scheduling Order (ECF No. 30 and 76) to modify the deadlines as follows:

1. Discovery Cutoff: **July 20, 2020.**
2. Dispositive Motions and all motions raised under Fed. R. Evid. 702, 703, and 704: **August 18, 2020**.
3. Final Pretrial Conference: **October 19, 2020**.

Dated this 1st day of April, 2020.

      Respectfully submitted,

      <u>/s/Matthew Groves</u>
      Groves Law, LLC
      281 S. Pearl St.
      Denver, CO 80209
      Phone: (303) 557-0199
      Email:  matt@grovesllc.com

      William D. Kloss (Ohio Bar No. 0040854)
      Daren S. Garcia (Ohio Bar No. 0077156)
      Rajeev K. Adlakha (Ohio Bar No. 0087096)
      Vorys, Sater, Seymour and Pease LLP
      200 Public Square
      Suite 1400
      Cleveland, OH 44114-2327
      Phone:  (216) 479-6175
      Email:  wdklossjr@vorys.com
             dsgarcia@vorys.com
             rkadlakha@vorys.com

      *Counsel for Plaintiff PopSockets LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion to Amend Scheduling Order (ECF No. 30 and 76)** was electronically filed with the Court on April 1, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Notice of this filing will be sent to the following individuals via E-Mail and U.S. Mail:

Lora Suzanne Wilcox
Bradley James Wilcox
9100 Independence Parkway, #2409
Plano, TX 75025
Email: bkw3@prodigy.net

*/s/ Matthew Groves*
Matthew Groves