IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01080-RM-MEH

POPSOCKETS, LLC

      Plaintiff,

v.

LORA SUZANNE WILCOX,
BRADLEY JAMES WILCOX, and
JOHN DOES 1-10, individually and as corporate entities,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Defendants' Brief and Other Filings [filed January 16, 2020; ECF 69].  Plaintiff seeks to strike from the record five documents Defendants filed on December 31, 2019, which Plaintiff argues are immaterial.  The documents are:

- ECF 53:     BRIEF Explaining the Relationship and Racketeering Activity Between iServe, Triguardian, Pattern and Vorys Lawfirm;

- ECF 57:     FILING of Email Communications Between Mr. Wilcox and Chambers on 12/27/2019;

- ECF 58:     FILING of Email Communications – Batch #1;

- ECF 59:     FILING of Email Communications – Batch #2; and

- ECF 60:     FILING of Email Communications – Batch #3.

Plaintiff contends these documents are "not related to any pending motion or other matter properly before the Court, but are merely an attempt to submit irrelevant and procedurally improper arguments and evidence and disparage PopSockets' counsel and unrelated third parties with unsupported and ad hominem attacks."  Mot. 2.  Defendants counter that Plaintiff's counsel "is

trying to keep defendants from having the right to protect themselves and get filings onto the record for appellate review," but Defendants also concede that "[t]he appeals court has already ruled on the appeal and brief[s] are moot at this point.  Resp 2-3.  Further, Defendants contend that this Court "comment[ed]" on the filings, finding them to be "ok" and "proper."  Resp. 3.  Finally, Defendants argue that Plaintiff's motion is untimely.

First, the Court finds Plaintiff's motion is not untimely; Defendants assert that Plaintiff had "fourteen days" in which to "object" to their filings, but Defendants provide no support for such assertion.  In this Court, if the filings had been construed as motions, Plaintiff would have twenty-one days in which to respond; in fact, Defendants filed their notice of appeal and five motions (or "requests") at the same time as the challenged filings, and Plaintiff filed a response to Defendants' motions on the same day that Plaintiff filed the present motion.

Second, at the February 20, 2020 discovery conference, the Court explained to Defendants that certain documents, such as printed emails, may be attached as relevant evidence to a properly filed motion or brief, but may not be filed separately.  Tr. 65: 1-25, 66: 1-24, ECF 90.  The Court made no finding(s) that the Defendants' filings were proper.  *See id.*

Finally, while the Court understands that Defendants intended for the December 31, 2019 filings to be "part of the appellate record," filing them on the current docket as separate documents was improper and they must be stricken.  As Defendants concede, their notice of appeal was dismissed for their lack of prosecution (for Defendants' failure to respond to the court's jurisdictional challenge).  *See* Order, ECF 70.  Defendants identify no other justification for their submission of the challenged filings in this case, and the Court finds none.

Accordingly, Plaintiff's motion to strike is **granted**.  The Court directs the Clerk of the Court to strike from the record the documents filed at ECF 53, 57, 58, 59, and 60.

SO ORDERED.

Dated at Denver, Colorado, this 13th day of April, 2020.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge